**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RANDOLPH HITCHCOCKBEY,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
CH-0752-14-0855-I-3

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randolph Hitchcockbey</u>, Chicago, Illinois, pro se.

<u>Maryl R. Rosen</u>, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective September 3, 2014, the agency removed the appellant from his position as Supervisor of Customer Service based on a charge of Unacceptable Conduct in the Workplace. *Hitchcockbey v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0855-I-1, Initial Appeal File (IAF), Tab 4 at 52, 63. The agency based the charge on a series of incidents involving the appellant's interactions with two subordinate female employees at two different locations, who alleged that he engaged in inappropriate conduct that made them feel uncomfortable in the workplace. *Id.* at 63-66. Both employees filed equal employment opportunity complaints, which resulted in a paid settlement by the agency. *Hitchcockbey v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0855-I-3, Appeal File (I‑3 AF), Tab 20, Initial Decision (ID) at 17-18.[2] The agency removed the appellant for alleged misconduct which included, among other things, sending inappropriate texts and making lewd comments. IAF, Tab 4 at 63-64. He also allegedly sexually assaulted another woman that he supervised, on two separate occasions, and exposed himself to her. *Id.* at 65. The agency specified in the

---

[2] The appellant initially filed this case on September 23, 2014. IAF, Tab 1. The administrative judge subsequently dismissed the appellant's appeal twice, without prejudice to refiling. IAF, Tab 11; *Hitchcockbey v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0855-1-2 (I-2 AF), Tab 12.

charge that the appellant's conduct violated the agency's rules and regulations. *Id*. at 67-68.

¶3      The deciding official for the agency concluded that the appellant's unacceptable conduct violated the Postal Service Policy on Workplace Harassment. *Id.* at 52-55, 67. The deciding official also determined that the appellant's unacceptable conduct violated the Postal Service rules and regulations regarding Loyalty, Discharge of Duties, Behavior and Personal Habits, and Violent and/or Threatening Behavior. *Id.* The appellant filed an appeal with the Board challenging the agency's removal action. I-3 AF, Tab 1.

¶4      After holding a hearing, the administrative judge issued an initial decision sustaining the charge as specified and affirming the removal penalty. ID at 29. The administrative judge found, inter alia, that: (1) the testimony of the agency's witnesses was more credible than the appellant's denial that he committed the charged misconduct; (2) the appellant failed to prove that the accusations against him were fabricated; (3) preponderant evidence supported the charge; and (4) the agency proved nexus between the efficiency of the service and the unacceptable conduct. ID at 18-29. The administrative judge also found that the agency considered relevant factors in making its penalty selection, and that the selected removal penalty was reasonable, considering the appellant's supervisory position, the repeated and serious nature of his misconduct, and the agency's loss of trust in him. ID at 28‑29. The appellant filed a petition for review, and the agency responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 5.

¶5      On review, the appellant states that he was denied the right to submit evidence and call witnesses. PFR File, Tab 1 at 3. We find that the record does not support his argument. Based on the record, the administrative judge gave the appellant ample time and opportunity to prepare for the hearing on his

appeal.[3]   In response to the administrative judge's prehearing order, the appellant's counsel provided prehearing submissions and amended submissions designating eight witnesses, all of whom were approved and appeared at the hearing.  I-3 AF, Tabs 3, 7‑8, 10.  The appellant also specified in his prehearing submission that he would rely on the documents in the agency file, and he did not identify any additional documents for use at the hearing.  I-3 AF, Tabs 7‑8.

¶6        Regarding the appellant's argument that he was unable to submit certain evidence because agency human resources personnel stated that they were unable to find any records, we note that the Board's acknowledgment order informed the appellant of the Board's discovery procedures under 5 C.F.R. §§ 1201.71 ‑1201.85.  PFR File, Tab 1  at 3; IAF, Tab 2 at 3; I-3 AF, Tab 2 at 1. In the event that an agency refuses to voluntarily make pertinent documents reasonably available prior to a Board proceeding, the Board's rules provide for the issuance of orders compelling discovery by interrogatory or deposition, and for the issuance of subpoenas.  *See Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982).  If the appellant and his representatives failed to avail themselves of the Board's discovery procedures to obtain the information necessary to prepare his case, then he may not now claim on review that the agency harmed him by refusing to assist voluntarily in his preparation for proceedings before the Board.  *See Perry v. U.S. Postal Service*, 46 M.S.P.R. 425, 431 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (Table); *Kinsey*, 12 M.S.P.R. at 505-06.  Although the appellant also argues that he lacked proper counseling, it

---

[3] The appellant's first attorney withdrew from the case, and the administrative judge granted the appellant's request to dismiss his appeal without prejudice to refiling.  IAF, Tab 11.  After the case was automatically refiled, the appellant asked the administrative judge to suspend the appeal to allow him time to find representation, and the administrative judge granted his request.  I-2 AF, Tab 3.  The appellant subsequently found an attorney and the administrative judge again dismissed the appeal without prejudice, allowing the appellant's new counsel time to become familiar with his case before it was automatically refiled.  I-2 AF, Tab 12 at 2.

is well settled that the appellant is responsible for the errors of his chosen representative. PFR File, Tab 1 at 5; *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). We therefore find that the appellant's argument that he was denied the right to submit evidence and call witnesses has no merit.

¶7        On review, the appellant also argues that the administrative judge failed to consider that he was not in the "right frame of mind" due to an unspecified medical condition. PFR File, Tab 1 at 4. Because the appellant raised this argument for the first time on review and he has not shown that he based his argument on new and material evidence not previously available despite his due diligence, the Board will not consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant's arguments on review present no reason to disturb the administrative judge's findings concerning the charge, nexus, and penalty. *See generally Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶¶ 15-20 (1999) (finding that removal was a reasonable penalty for a supervisor who violated the agency's sexual harassment policy despite his 14 years of service and very good work performance), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table). We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:　　　　　　　　_____
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.